UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KENNETH CHAMBERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-02216-SEB-CSW |
| | ) | |
| HAMILTON COUNTY FOR THE STATE OF INDIANA, | ) | |
| DENNIS QUAKENBUSH Sheriff, | ) | |
| JOSH CAREY Captain, | ) | |
| DEPUTIES, | ) | |
| JOHN DOE #1-99 Officers, Title IV-D severally, jointly and in their individual capacities as State Actors Under to Color of State law, | ) | |
| JOHNSON COUNTY FOR THE STATE OF INDIANA, | ) | |
| ERIC MILLER, | ) | |
| KENNETH S. COOKE, | ) | |
| Christopher Barrows, | ) | |
| MICHAEL CASATI, | ) | |
| STATE OF INDIANA, | ) | |
| INDIANA DEPARTMENT OF CHILD SERVICES, | ) | |
| LISA L. LANCASTER, | ) | |
| | ) | |
| Defendants. | ) | |

**SCREENING ENTRY**

On December 11, 2023, *pro se* Plaintiff Kenneth Chambers ("Mr. Chambers") brought this civil rights action alleging violations of his First, Fourth, Fifth, Sixth, Seventh, and Fourteenth Amendment rights under the United States Constitution and the Indiana Constitution. Various motions for screening were filed by some Defendants, dkt. 19, 22,

are hereby **GRANTED**. The Amended Complaint is screened below as follows, pursuant to 28 U.S.C. § 1915.[1]

## I.   Screening Standard

The Seventh Circuit has recognized that "district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (internal citation omitted). Under § 1915, our court has the discretion to dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief. *Id.*; *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

In determining whether the complaint adequately states a claim, we apply the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Stated differently, it is not enough for a plaintiff to say that he has been illegally harmed. He must also state

---

[1] Some though not all Defendants have either moved for screening or moved to dismiss. *See* dkt. 10, 19, 22, 36, 41. Due to the confusing nature of Mr. Chambers's lawsuit and in the interest of judicial economy, we have chosen to screen the Amended Complaint pursuant to the Court's authority under § 1915.

enough facts in his complaint for the Court to infer the ways in which the named Defendants could be held liable for the harm alleged.

Thus "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to h[im] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). *Pro se* complaints, such as that filed by Mr. Chambers, are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Amended Complaint

Mr. Chambers filed this lawsuit on December 11, 2023, naming as Defendants the State of Indiana, Hamilton County, Johnson County, Sheriff Dennis Quakenbush, Captain Josh Carey "And Deputies," and "Officers John Doe #1-99 Title IV-D." Compl. 1, dkt. 1. On March 5, 2024, Mr. Chambers filed an Amended Complaint, dkt. 15, omitting "And Deputies" and "Officers John Doe #1-99 Title IV-D" as named Defendants but joining the following additional Defendants: the Indiana Department of Children's Services ("DCS"), Connor Sullivan, Brad Gadberry, Judge Michael Casati, Commissioner Christopher Barrows, Kenneth Scott Cooke, Lisa Lancaster, and Deputies Roosa, Nunez, and Santiago.

This suit arises out of Mr. Chambers's ongoing child custody proceedings occurring in state court. He alleges that on December 20, 2022, the Hamilton County Prosecutor's Office terminated preexisting child support arrearages and a prior income withholding order ("IWO"). However, in January 2023, Lisa Lancaster ("Ms. Lancaster"), an employee of the Johnson County Department of Children's Services, sent an IWO to Mr. Chambers's

employer. In June 2023, Hamilton County Prosecutor Kenneth Cooke ("Mr. Cooke") moved in the state court for an order to show cause in the ongoing child custody proceedings, requesting that Mr. Chambers appear at a hearing and explain why he should not be held in contempt of court for failing to pay child support. Mr. Chambers claims that, in December 2023, he submitted an affidavit to the court proving that any child support orders and associated arrearages had been terminated, which affidavit Mr. Cooke and Commissioner Christopher Barrows ("Commissioner Barrows") allegedly ignored when they scheduled a show cause hearing for January 31, 2024.

On January 30, 2024, Mr. Chambers allegedly "transferred" his civil proceedings from state to federal court. *Id.* ¶ 104. *See Chambers v. Chambers*, No. 1:24-cv-00208-RLY-MJD, dkt. 1 (S.D. Ind. Jan. 30, 2024) (Notice of Removal filed by Mr. Chambers). Despite the purported "transfer," however, Commissioner Barrows and Judge Casati, who has presided over the child custody proceedings in state court, "struck that transfer and all other filings from the record." Am. Compl. ¶ 107, dkt. 15.

During the show cause hearing on January 31, 2024, Mr. Chambers alleges that, when he "got up and proceeded toward the exit," Hamilton County Sheriff Deputies Nunez and Roosa blocked him from exiting the courtroom. *Id.* ¶ 109–10. Mr. Chambers asked whether "they had a warrant and what was the probable cause for the detainment," to which Deputy Roosa replied that "he had to do what he was told." *Id.* ¶ 111–12. Deputy Santiago approached Mr. Chambers and "grabb[ed] [his] right upper bicep." *Id.* ¶ 113. Commissioner Barrows informed Mr. Chambers that he was being detained for indirect contempt and non-cooperation with the hearing but that he could avoid detention if he agreed to proceed with

the hearing. As Deputies Roosa and Santiago proceeded with Mr. Chambers's arrest, Mr. Chambers avers that they "tightly handcuffed [him], twisting [his] arms upward, which caused intense pain in both shoulder blades." *Id.* ¶ 116. After his arrest, he was taken to the Hamilton County Jail.

In his eighteen-count Amended Complaint, Mr. Chambers seeks a minimum of $10 million in compensatory and punitive damages from all Defendants for their alleged violations of his federal and state constitutional rights and for discriminating against him on the basis of race. According to Mr. Chambers's allegations, Defendants have conspired to deny Indiana fathers their federal and state rights. He also alleges that the "Child Support Enforcement Department . . . is a simulated judicial construct to fool the public into thinking that the program is a real judicial process." Am. Compl. ¶ 40, dkt. 15.

Mr. Chambers also alleges that Defendants used excessive force when they arrested and detained him, allegedly without probable cause, at the Hamilton County Courthouse in October 2017, October 2020, February 2021, and January 2024. On each occasion, according to Mr. Chambers, the arresting deputies cinched the handcuffs "unnecessarily tightly." Am. Compl. ¶ 159, dkt. 15. He further avers that Defendants' conduct was motivated by racial animus against African Americans, such as himself. Mr. Chambers has also brought supplemental state law claims.

With the exception of the claims relating to his January 2024 arrest, we note that the instant action appears to be Mr. Chambers's second attempt to litigate many of the same grievances as those he asserted in a prior lawsuit filed in our court. *Chambers v. Indiana*, No. 1:22-cv-00492-TWP-MJD, Dkt. 11 (S.D. Ind. Apr. 18, 2022) (order of dismissal), *aff'd*,

5

No. 22-1828, 2022 WL 17436542 (7th Cir. Dec. 6, 2022), *cert. denied sub nom. Kenneth Chambers v. Indiana*, 143 S. Ct. 2504 (2023) (hereinafter referred to as "*Chambers I*"). In those cases, Mr. Chambers sued the State of Indiana, Sheriff Quakenbush, Captain Carey, and Judge Casati, among others, for perceived defects related to the child custody proceedings. We take judicial notice of *Chambers I* to determine the extent to which it relates to the Amended Complaint before us here. *See Guar. Bank v. Chubb Corp.*, 538 F.3d 587, 591 (7th Cir. 2008).

### III. Discussion

The Amended Complaint suffers from several pleading deficiencies that ultimately require dismissal of most of Plaintiff's claims. The claims against Judge Casati are barred by the doctrine of judicial immunity, which covers "acts performed by the judge in the judge's judicial capacity." *Dawson v. Newman*, 419 F.3d 656, 661 (7th Cir. 2005) (alterations and internal citation omitted). Judicial immunity also encompasses actions taken by court commissioners, such as Commissioner Barrows, whose challenged actions were "judicial in nature." *Brunson v. Murray*, 843 F.3d 698, 710 (7th Cir. 2016); *see also Myrick v. Greenwood*, 856 F.3d 487, 489 (7th Cir. 2017) (Family court commissioners "are judicial officers and therefore really do partake of the same immunity as the state circuit court judges.") (Posner, J., concurring). Mr. Chambers has challenged Judge Casati's and Commissioner Barrows's decisions to strike various judicial filings and to find him in contempt of court—all of which actions squarely pertain to official judicial functions. Because Judge Casati and Commissioner Barrows are absolutely immune from a lawsuit challenging their decisions, Mr. Chambers's claims against them fail on their merits.

Mr. Chambers's claims against Ms. Lancaster also cannot survive because "non-judicial officials whose official duties have an integral relationship with the judicial process" are equally immune from suit. *Dunn v. City of Elgin, Illinois*, 347 F.3d 641, 646 (7th Cir. 2003) (quoting *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986)) (alterations omitted). "Because judges are not liable for their decisions," the law similarly immunizes non-judicial officers "acting pursuant to an official court order or . . . enforcing a validly entered judgment." *Id.* at 647 (internal quotation and citation omitted). Here, Mr. Chambers alleges that Ms. Lancaster was "employed by the Johnson County Prosecutor's Office as a caseworker for Child Support Enforcement" and that she sent an IWO to his employer after the Hamilton County Prosecutor's Office had "terminated the arrear[ages] and Iwo [sic] Child support order." Am. Compl. ¶¶ 75, 98, dkt. 15. Given that Mr. Chambers is admittedly "not attempting to overturn any State decisions or orders," *id.* ¶ 38, we assume that Ms. Lancaster acted pursuant to a valid court order, which thereby immunizes her from Mr. Chambers's claims against her.

Next, Mr. Chambers's claims against Mr. Cooke are barred by virtue of the doctrine of prosecutorial immunity, which protects actions taken "within the scope of [his] employment as [a] prosecutor[ ]." *Katz-Crank v. Haskett*, 843 F.3d 641, 647 (7th Cir. 2016). Here, Mr. Cooke's alleged wrong was to have initiated show cause hearings and ignored evidence that (according to Mr. Chambers) demonstrated the termination of any existing child support orders and associated arrearages. Mr. Chambers's challenges attack what are "quintessential[ ] prosecutorial functions," namely evaluating evidence and presenting a case to the

7

court. *Bianchi v. McQueen*, 818 F.3d 309, 318 (7th Cir. 2016). This conduct is fully protected from suit and from liability based on prosecutorial immunity. *Id.*

We turn next to Mr. Chambers's failure to comply with various federal pleading standards. The filing of a 52-page Amended Complaint (along with an additional 74 pages of exhibits) violates Federal Rule of Civil Procedure 8(a)(2), which requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." *See United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (complaint "must be presented with sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages" to determine whether it states a valid claim).

Here, the first 18 pages of the Amended Complaint are chocked full of (unnecessary) legal argument that obscures a clear understanding of the underlying *factual* allegations. Despite including by name Connor Sullivan, Brad Gadberry, Hamilton County, Johnson County, the State of Indiana, Sheriff Quakenbush, Captain Carey, DCS, and Eric Miller as Defendants, Mr. Chambers offers no allegations describing their actions or how their conduct violated his rights. Without such factual details regarding these Defendants' specific actions or inactions, the Amended Complaint falls short of providing adequate notice to Defendants of the claims against them. *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994). As a result, Mr. Chambers has failed to sufficiently state a claim against these Defendants, pursuant to Federal Rule of Civil Procedure 12(b)(6).

8

Insofar as Mr. Chambers seeks to assert generalized grievances relating to government action, he lacks standing to do so. His broad complaint that the State utilizes a "simulated judicial construct" and racially discriminates is a nonstarter because "[a] generally available grievance about government—claiming only harm to . . . every citizen's interest in proper application of the Constitution and laws[—]is not considered an injury for standing purposes." *Freedom from Religion Found., Inc. v. Lew*, 773 F.3d 815, 819 (7th Cir. 2014) (internal citation and quotation marks omitted). As the Seventh Circuit previously explained to Mr. Chambers when it affirmed the dismissal of virtually identical allegations in *Chambers I*, the Court does not have jurisdiction to consider generalized grievances targeting government actions because such claims do not confer standing to sue in federal court. 2022 WL 17436542, at *1. Those claims, accordingly, are dismissed for lack of jurisdiction.

Reading liberally the remaining portions of Mr. Chambers's Amended Complaint, as we must with *pro se* filings, his § 1983 excessive force claim against Deputies Roosa, Nunez, and Santiago relating to his January 2024 arrest does not require dismissal under § 1915(e), and therefore **SHALL PROCEED**. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). This ruling reflects a threshold determination and will not preclude the filing of a proper Rule 12 motion, if Defendants elect to do so.

### IV. Conclusion

Having performed the necessary screening, dkt. 19, 22, we rule as follows:

- Johnson County's Motion to Dismiss, dkt. 10; Judge Casati, Mr. Cooke, DCS, Eric Miller, and the State of Indiana's Motion to Dismiss, dkt. 36; and Johnson County and Ms. Lancaster's Second Motion to Dismiss, dkt. 41, are **DENIED as moot**.

- The claims against Judge Casati, Commissioner Barrows, Ms. Lancaster, and Mr. Cooke are **DISMISSED with prejudice**.

- The claims against Connor Sullivan, Brad Gadberry, Hamilton County, Johnson County, the State of Indiana, Sheriff Quakenbush, Captain Carey, DCS, and Eric Miller as well as Mr. Chambers's general grievances about the government are **DISMISSED without prejudice**.

- The Clerk is **DIRECTED** to terminate "Deputies" and "John Doe #1-99" from the docket.

- The Clerk is also **DIRECTED** to add Defendants "Deputy Roosa," "Deputy Nunez," and "Deputy Santiago" to the docket.

Given the substantial similarities between Mr. Chambers's claims in this case and those he previously asserted in *Chambers I*, we forewarn Mr. Chambers that any future attempts to relitigate the matters dismissed herein will be deemed a refusal to follow the Court's orders. We therefore admonish Mr. Chambers that should he fail to abide by the Court's decisions, he may be subject to sanctions, including possible restrictions on his ability to file future litigation in our Court.

IT IS SO ORDERED.

Date: 7/16/2024

*[Signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KENNETH CHAMBERS
15176 Troxel Drive East
Apt. 202
Noblesville, IN 46060

Jacob Garrett Bowman
WILLIAMS BARRETT & WILKOWSKI LLP
jbowman@wbwlawyers.com

Jonathan Freije
Office of Indiana Attorney General
jonathan.freije@atg.in.gov

Hannah Lynette Hulsey
Office of Indiana Attorney General
hannah.hulsey@atg.in.gov

Donald B. Kite, Sr.
Donald B. Kite, Sr., Attorney at Law
don.kite@gmail.com

Adam Scott Willfond
Hamilton County Legal Department
adam.willfond@hamiltoncounty.in.gov

Deputy Nunez
Hamilton County Sheriff's Office
18100 Cumberland Road
Noblesville, IN 46060

Deputy Roosa
Hamilton County Sheriff's Office
18100 Cumberland Road
Noblesville, IN 46060

Deputy Santiago
Hamilton County Sheriff's Office
18100 Cumberland Road
Noblesville, IN 46060