UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH CHAMBERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:23-cv-02216-SEB-CSW |
| ROOSA Deputy, NUNEZ Deputy, SANTIAGO Deputy, | ) ) ) ) ) |
| Defendants. | ) ) |

**ORDER**

On August 15, 2025, we granted Defendants' Motion for Summary Judgment on *pro se* Plaintiff Kenneth Chambers's ("Mr. Chambers") excessive force claim and entered final judgment accordingly. Dkt. 153, 154. Now before the Court are Mr. Chambers's Motion to Alter or Amend Judgment, dkt. 162; Defendants' Bill of Costs, dkt. 159; Defendants' Motion for Sanctions, dkt. 218; and Mr. Chambers's more than seventy post-judgment motions, "notices," and miscellaneous submissions.

**I.     Mr. Chambers's Motion to Alter or Amend Judgment**

On August 20, 2025, Mr. Chambers moved to alter or amend judgment based on alleged manifest errors of law and fact. Dkt. 162. He argues that we improperly screened his complaint, pursuant to 28 U.S.C. § 1915, thereby limiting the scope of this case to his excessive force claim only and disregarding his myriad constitutional claims. *See* dkt.162, 187. Additionally, Mr. Chambers asserts that we "ignored" his "more than 30 docket entries containing dispositive motions, affidavits, and evidence" and erroneously granted

1

summary judgment "despite [the] lack of admissible support from Defendants." Dkt. 162 at 2, 5. Defendants responded on August 25, 2025, dkt. 164, and Mr. Chambers filed a reply brief on September 3, 2025, dkt. 187. Mr. Chambers's motion to alter or amend judgment is thus fully briefed and ripe for ruling.

The purpose of a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) is to have the Court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1988). To prevail on a Rule 59(e) motion, the moving party "must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013). A "manifest error" means "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

None of Mr. Chambers's assertions support granting his Rule 59(e) motion. First, it is well-established law that "district courts have the power to screen complaints filed by *all litigants*, prisoner and non-prisoner alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (emphasis added) (citing 28 U.S.C. § 1915(e)(2)(B)). Thus, Mr. Chambers's argument that we impermissibly screened his complaint, dkt. 48, is meritless.

Mr. Chambers's contention that we "ignored" his evidence as well as "more than thirty [unspecified] docket entries" is similarly unavailing. According to Mr. Chambers, we

2

overlooked evidence of a December 2022 termination of an income withholding order and two subsequent, allegedly "fraudulent" income withholding orders. Dkt. 162 at 1. To prevent the entry of summary judgment in Defendants' favor, Mr. Chambers had the burden to support his factual assertions "with a citation to . . . admissible evidence." S.D. Ind. L.R. 56-1(e). "The court need consider only the cited materials," Fed. R. Civ. P. 56(c)(3), and, thus, "has no duty to search or consider any part of the record not specifically cited" by the parties, S.D. Ind. L.R. 56-1(h). Mr. Chambers's response in opposition to summary judgment failed to mention, much less cite to, the alleged income withholding orders. *See* dkt. 97. Similarly, Mr. Chambers fails to identify *which* allegedly "unaddressed" docket entries entitle him to the relief he seeks. Dkt. 162 at 2. His argument regarding "ignored" evidence and "docket entries" is thus underdeveloped and unavailing.

Lastly, insofar as Mr. Chambers challenges the admissibility of Defendants' summary judgment evidence (*e.g.*, sworn deposition testimony, dkt. 90-1, sworn declarations, dkt. 90-2, dkt. 90-3, dkt. 90-4, and unchallenged surveillance footage, dkt. 96), such assertions should have been raised in his response brief in opposition to Defendants' summary judgment motion. Mr. Chambers neglected to do so. *See* dkt. 97. We, therefore, address this issue no further.

At bottom, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Because Mr. Chambers has failed to identify any manifest error of law or fact, his Motion to Alter or Amend Judgment shall be **DENIED**. Dkt. 162.

## II. Bill of Costs

On August 15, 2025, Defendants, the prevailing party, filed a bill of costs seeking $433.14 in "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." Dkt. 159. On August 20, 2025, Mr. Chambers objected, arguing that his indigency and good-faith litigation efforts warrant the denial of Defendants' request. Dkt. 161. Mr. Chambers relies upon his affidavit wherein he states that he is "currently unemployed and ha[s] no significant assets or income"; and that his "driver's license has been suspended," contributing to his "lost employment opportunities" and his "precarious" financial situation. *Id.* at 2. He also maintains that ordering him to pay costs "would impose a severe financial hardship on [him]" and would "chill [his] ability to vindicate [his] rights." *Id.* Defendants filed their reply brief on August 22, 2025. Dkt. 163. Defendants' Bill of Costs, dkt. 159, and Mr. Chambers's objection, dkt. 161, are thus fully briefed and ripe for ruling.[1]

Under Federal Rule of Civil Procedure 54, "costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). "The rule provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). District

---

[1] On August 26, 2025, Mr. Chambers filed a "surreply" to Defendants' Bill of Costs without seeking leave of the Court to do so. Dkt. 168; *see Coyle Nissan, LLC v. Nissan N. Am.*, No. 4:18-cv-00075-TWP-TAB, 2021 WL 9098120, at *3 (S.D. Ind. Apr. 13, 2021) (noting that, although our Local Rules "do[ ] not expressly require seeking leave of court before filing a surreply, there is abundant case law in this District directing parties to first seek leave of court to file a surreply brief"). Even if Mr. Chambers had sought and obtained permission to file a surreply brief, his submission merely rehashes the arguments articulated in his objection and thus does not affect our analysis.

courts may "consider a plaintiff's indigency in denying costs under Rule 54(d)." *Id.* (citation modified). That said, "indigence does not automatically excuse the losing party from paying the prevailing party's costs." *Id.* at 635. Rather, "[t]he burden is on the losing party to provide the district court with sufficient documentation to support . . . a finding" that his indigency hinders his ability to pay "court-imposed costs at this time or in the future." *Id.* (citation modified). The "documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses." *Id.* In evaluating whether a party's indigency justifies denying a bill of costs, "the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by the case . . . ." *Id.*

Although Defendants do not dispute Mr. Chambers's "confessed indigency and inability to pay," they nonetheless contend that Mr. Chambers has failed to demonstrate an inability pay the costs "in the future." Dkt. 163 at 2–3; *see Rivera*, 469 F.3d at 636 ("To prove her indigence, [the losing party] was required to show not only that she was incapable of paying court-ordered costs at the time they were imposed but also that she will be incapable of paying them in the future."). Defendants also argue that Mr. Chambers's purported good-faith prosecution is belied by the procedural record in this case.

We conclude that Mr. Chambers has failed to overcome the presumption in favor of awarding costs to the prevailing party based on his averred indigency. Mr. Chambers's best argument is made by his affidavit, wherein he states that he is "currently unemployed" and that his "driver's license has been suspended." Dkt. 161 at 2. Neither circumstance, however, illuminates whether Mr. Chambers is incapable of paying court-imposed costs *in the*

5

*future*. Accordingly, Mr. Chambers has not satisfied his burden of demonstrating that his indigency justifies denying costs to the prevailing party.

Our assessment of "the good faith of the losing party[ ] and the closeness and difficulty of the issues raised by th[is] case" further compels us to award Defendants the costs incurred in defending this litigation. As Defendants highlight, the procedural record in this case puts the lie to Mr. Chambers's purported "good faith" prosecution of his claims, as reflected in Mr. Chambers's unceasing efforts to press meritless legal theories and to inundate the Court (and the opposing party) with spurious filings, despite repeated admonitions against doing so. *See* dkt. 48 at 10; dkt. 153 at 9–10. It is well-established that requiring losing parties "to reimburse costs others have expended in defending . . . unsuccessful suits serves the valuable purposes of discouraging unmeritorious claims and treating all unsuccessful litigants alike." *McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir. 1994). Accordingly, Mr. Chambers's objections, dkt. 161, are **OVERRULED**, and Defendants' Bill of Costs, dkt. 159, is **GRANTED**.

### III.   Filing Restriction

In the three weeks following the entry of final judgment on August 15, 2025, during which time Mr. Chambers's Motion to Alter or Amend Judgment and Defendants' Bill of Costs remained pending, Mr. Chambers filed more than fifty motions (including thirteen so-called "supplemental Rule 59(e)" motions), "judicial notices," and the like. *See generally* dkt. 165–217. On September 15, 2025, Defendants moved for sanctions, requesting that we enjoin Mr. Chambers from filing additional papers in this matter. Dkt. 218. On September 18, 2025, Mr. Chambers submitted two dozen additional filings. *See generally*

6

dkt. 219–42. That same day, Defendants filed their reply in support of sanctions. Dkt. 243. Defendants' Motion for Sanctions is thus ripe for ruling.

The Court has a duty to deter repetitious and frivolous filings. "Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *Montgomery v. Davis*, 362 F.3d 956, 957 (7th Cir. 2004) (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)).

Frivolous filing behavior cannot be tolerated, and "the judicial authority to curb it is ample." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995) (collecting cases); *see also Fuery v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018) ("District courts 'possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'") (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186, (2017) (internal citations omitted)). "In exercising our inherent power, we do so in a way that is tailored to the abuse." *McCready v. eBay, Inc.*, 453 F.3d 882, 892 (7th Cir. 2006). Orders barring vexatious litigants from filing new papers without court approval "are standard remedies for misconduct in litigation." *Carr v. Tillery*, 591 F.3d 909, 920 (7th Cir. 2010).

Applying these legal principles to the case at bar, it is clear to us that the imposition of a restriction on Mr. Chambers's ability to file papers in this closed case is necessary in order to deter his abusive and vexatious filing practices. We have twice warned Mr. Chambers that his "failure to conform his litigation practices to the requirements of the Federal

7

Rules of Civil Procedure, our Local Rules, and/or court orders may result in the imposition of sanctions against him, including future restrictions on his entitlement to file documents with the court." Dkt. 153 at 10; dkt. 48. The continuation of Mr. Chambers's persistent, duplicative, and legally baseless submissions demonstrates his unwillingness to heed our prior admonitions and to adhere to acceptable litigation strategies. Defendants' Motion for Sanctions shall therefore be **GRANTED**. Dkt. 218.

In accordance with our authority to curb frivolous filing behavior, Mr. Chambers is hereby **PROHIBITED** from filing any papers in this cause, with the exception of a potential Notice of Appeal. The Clerk is **DIRECTED** to return unfiled any future filings submitted either directly or indirectly by or on behalf of Mr. Chambers in this case in violation of this order. Any papers filed electronically will be stricken.

## CONCLUSION

For the reasons stated above, Mr. Chambers's Motion to Alter or Amend Judgment is **DENIED**. Dkt. 162.

Mr. Chambers's Objections, dkt. 161, are **OVERRULED**, and Defendants' Bill of Costs, dkt. 159, is **GRANTED**. The Court hereby **AWARDS** Defendants the total Bill of Costs for $433.14. Dkt. 159.

Defendants' Motion for Sanctions, dkt. 218, is **GRANTED**. The Court now implements the filing restriction detailed above, in accordance with which Mr. Chambers is prohibited from filing any further papers in this closed action, other than a potential Notice of Appeal.

All other pending motions are **DENIED as moot**.

IT IS SO ORDERED.

Date: 9/23/2025

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KENNETH CHAMBERS
15176 Troxel Drive East
Apt. 202
Noblesville, IN 46060

Jacob Garrett Bowman
WILLIAMS BARRETT & WILKOWSKI LLP
jbowman@wbwlawyers.com

Jonathan Freije
Office of Indiana Attorney General
jonathan.freije@atg.in.gov

Hannah Lynette Hulsey
Hinshaw & Culbertson LLP
hhulsey@hinshawlaw.com

Donald B. Kite, Sr.
Donald B. Kite, Sr., Attorney at Law
don.kite@gmail.com

Adam Scott Willfond
Hamilton County Legal Department
adam.willfond@hamiltoncounty.in.gov